UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| RANDALL MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) No. 3:25-CV-089-TAV-JEM | |
| | ) | |
| TENNESSEE DEPARTMENT OF CORRECTION and CENTURION HEALTHCARE, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Now before the Court is a prisoner's pro se complaint in which Plaintiff Randall Moore seeks relief under 42 U.S.C. §§ 1983, 1985, 1986, other federal statutes, and state law based on his assertions that (1) Defendants failed to provide him with cancer treatment after he was transferred into the custody of Defendant Tennessee Department of Correction ("TDOC") in 2023 because that treatment was too expensive, and (2) this refusal to provide treatment caused his cancer to grow and his health to deteriorate [Doc. 2, pp. 1–6]. Plaintiff also filed a motion for leave to proceed *in forma pauperis* [Doc. 1] and an emergency motion seeking injunctive relief based on allegations that are substantively similar to those in his complaint [Doc. 3]. However, for the reasons set forth below, the Court will **DENY** Plaintiff's motions [Docs. 1, 3] and **DISMISS** this action without prejudice to Plaintiff's appropriate successor or representative filing an appropriate complaint.

First, the Court takes judicial notice that Plaintiff is deceased. https://foil.app.tn.gov/foil/details.jsp (last visited March 5, 2025).[1] And while the style of Plaintiff's complaint states that it was filed "by Gary Montgomery (P.O.A.)," and both Plaintiff's complaint and his motion for injunctive relief ask that the Court send mail about this case only to Mr. Montgomery [Doc. 2, pp. 1, 6; Doc. 3, p. 2], any power of attorney Mr. Montgomery may have for Plaintiff does not allow him to pursue this action on Plaintiff's behalf. *J.M. Huber Corp. v. Roberts*, 869 F.2d 1491, 1989 WL 16866, at *1 (6th Cir. 1989) (providing that where a "non-attorney claiming authority to represent [the] appellant by virtue of a grant of power of attorney" prepared and filed a notice of appeal on behalf of the appellant, that notice was "without effect," leaving the Court without jurisdiction, and stating that 28 U.S.C. § 1654 "clearly makes no provision for a non-attorney's representation of others"); *Lester v. Michigan*, No. 1:19-CV-354, 2019 WL 2442316, at *2 (W.D. Mich. June 12, 2019) ("A power of attorney does not authorize a non-lawyer to prosecute a case in federal court on behalf of another person." (citing *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997))); *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989) (holding that "a prisoner who initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violations of his own constitutional rights and . . . lacks standing to assert the constitutional right of other prisoners").

---

[1] Under Rule 201 of the Federal Rules of Evidence, this Court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Accordingly, Plaintiff's motions [Docs. 1, 3] are **DENIED** and this action will be **DISMISSED without prejudice** to Plaintiff's appropriate successor or representative filing an appropriate complaint. Also, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE